UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DMITRY ZHIGALOV,<br><br>Plaintiff,<br><br>v.<br><br>PC AVIATOR, INC. and ROBERT FERRARO, individually,<br><br>Defendants. | Case No.:     4:24-cv-5289-JD |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DMITRY ZHIGALOV by and through his undersigned counsel, brings this Complaint against Defendants PC AVIATOR INC. and ROBERT FERRARO, individually, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DMITRY ZHIGALOV ("Zhigalov") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Zhigalov's original copyrighted Work of authorship.

2. Zhigalov is a professional photographer, whose specialty is high-quality photos of aircraft. Many of his photographic works are available for viewing and licensing on various websites, including www.airliners.net.

3. Defendant PC AVIATOR, INC. ("PC Aviator") is a flight simulation review and resource website that focuses heavily on Microsoft Flight Simulator. At all times relevant herein, PC Aviator owned and operated the web stores located at the URLs www.PC

Aviator.com/store and www.PCAviator.com.au/store (the "Websites"), where the users could purchase the flight simulation software packs, .

4. Defendant ROBERT FERRARO ("Ferraro") is the president of PC Aviator, is actively engaged in posting blogs and operating the Websites, and, upon information and belief, was responsible for all content posted on the Websites.

5. Defendants PC Aviator and Ferraro are collectively referred to herein as "Defendants."

6. Zhigalov alleges that Defendants copied Zhigalov's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in South Carolina.

10. Ferraro is a resident of this judicial district.

11. PC Aviator is a domestic resident corporation of the state South Carolina.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

13. PC Aviator is a South Carolina Corporation, with its principal place of business at 839 Surfside Drive, Surfside Beach, SC 29575, and can be served by serving its Registered Agent, Robert Ferraro, 1485 Colts Neck Road, Loris, SC 29569.

14. Robert Ferraro is an individual residing in Horry County, SC, and can be served at 1485 Colts Neck Road, Loris, SC 29569.

**THE COPYRIGHTED WORK AT ISSUE**

15. In 2011, Zhigalov created the photograph entitled "Aircraft landing at sundown," which is shown below and referred to herein as the "Work."



16. At the time Zhigalov uploaded the Work to Airliners.net, copyright management information was automatically attached to the Work, consisting of the words "Copyright Dmitry Zhigalov" in the bottom left corner and "Airliners.net" in the bottom right corner of the Work."

17. Zhigalov registered the Work with the Register of Copyrights on December 6, 2014, and was assigned the registration number VA 1-943-507 (See Exhibit 1).

18. Zhigalov's Work is protected by copyright but is not otherwise confidential, proprietary, nor does it contain trade secrets.

19. At all relevant times Zhigalov was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

20. Defendants have never been licensed to use the Work for any purpose.

21. On a date after the Work was created, but prior to the filing of this action, Defendants copied the Work.

22. On or around September 25, 2021, Zhigalov first discovered the infringement of his work on the PC Aviator Websites.

23. On or about March 28, 2022, Zhigalov notified Ferraro and PC Aviator that the Work was being used on the sales listings for both the Microsoft Flight Simulator 2004 and the Microsoft Flight Simulator X "add-ons" on both American and Australian PC Aviator Websites as shown below respectively:





SRIPLAW

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

24.     Plaintiff further notified the Defendants in the same letter that the Work was sold as both electronic and physical products and was used as the artwork for the setup launch interface of both of the two installer drives, as part of the "add-on for Microsoft Flight Simulator X & FS2004 Flight Service MegaPack" installer drives.

25.     Both of the aforementioned installer drives are separate "add-ons," each compatible only with its own version of Microsoft Flight Simulator. The "setup launch windows" which display the Work for the "Mega Pack for FSX' installer and 'Mega Pack for FS9' installer pack are shown below, respectively.





26. When either of the installers launch, they display Zhigalov's Work and the unauthorized use of copyright management information as shown below and attached hereto as Exhibit 2.



27. Defendants were charging approximately $25.00 for the add-on packages and additional $2.95 for the optional CD backup, all of which included the infringing use of the Work as shown above.

28. The Work was used on the Websites to advertise and promote the sale of the Microsoft Flight Simulator 2004 and the Microsoft Flight Simulator X add-ons for Microsoft Flight Simulator..

29. Defendants copied Zhigalov's copyrighted Work without Zhigalov's permission.

30. The unauthorized copy of the Work published on the Websites removed Zhigalov's copyright notice, and added the false CMI which is the Perfect Flight Logo.

31.   After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their regular business activities.

32.   Defendants copied and distributed Zhigalov's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

33.   Zhigalov's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

34.   Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 3.

35.   Zhigalov never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

36.   Zhigalov first notified Defendants of the allegations set forth herein on March 28, 2022, and in a follow-up notification on June 6, 2022, after Defendants took down the artwork from [www.PCAviator.com](www.PCAviator.com)/store by April 20, 2022, but continued sales, distribution and display of the Work elsewhere till around August 28, 2024.  Attached hereto as Exhibit 4 is a true and correct copy of the cease-and-desist letter sent to Mr. Ferraro and PC Aviator.com.

37.   The March 28, 2022 Cease and Desist Letter included notice of Zhigalov's rights and his copyright management information ("CMI") that he places on his published Works.

38.   Mr. Zhigalov provided notice of his claim of copyright infringement, and his claims under 17 U.S.C. §1202, for the removal and addition of false CMI. Despite such notice, PC Aviator continued to post the infringing content on the Websites and continued to distribute said works with false CMI and Zhigalov's CMI removed.

39. Defendants copied, distributed and displayed the Work at issue in this case starting since April 2015, and at all times the users, who had ever purchased the infringing products, were able to redownload their electronic versions, bearing the Work, at any time without any limitation through the unique download links provided to them.

40. When Defendants copied and distributed (displayed) the Work at issue in this case, Defendants knew that Zhigalov's copyright management information had been removed from the Work, and that distributing it without Zhigalov's CMI would enable and encourage downstream infringements.

41. Zhigalov never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

42. Zhigalov incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Zhigalov owns a valid copyright in the Work at issue in this case.

44. Zhigalov registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Zhigalov's authorization in violation of 17 U.S.C. § 501.

46. Defendants performed the acts alleged in the course and scope of its business activities.

47. Defendants' acts were either non-willful, or reckless/willful.

48. Zhigalov has been damaged.

49. The harm caused to Zhigalov has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY FERRARO

50. Zhigalov incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

51. Zhigalov owns a valid copyright in the Work at issue in this case.

52. Zhigalov registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

53. PC Aviator copied, displayed and distributed the Work at issue in this case and made derivative of the Work without Zhigalov authorization in violation of 17 U.S.C. § 501.

54. Ferraro had the right and ability to supervise the infringing activities of PC Aviator alleged herein.

55. Ferraro had control to instruct PC Aviator to remove the Work from its Websites.

56. Ferraro has a financial interest in the infringing activities alleged herein, and/or directly profited or otherwise benefitted from the sales of the Flight Service Mega Pack that was advertised and promoted with the Work, without authorization.

57. As a result of Ferraro's vicarious infringement alleged above, Ferraro obtained direct and indirect profits he would otherwise not have realized but for the infringement of the Work.

58. Zhigalov has been damaged.

59. The harm caused to Zhigalov has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

60. Zhigalov incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

61. The Work at issue in this case contains copyright management information ("CMI").

62. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b)(1).

63. Defendants committed these acts knowing or having reasonable grounds to know that by distributing the Work without the copyright management information they will induce, enable, facilitate, or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act and in violation of 17 U.S. Code § 1202(b)(2).

64. Defendants distributed the Work knowing that copyright management information has been removed or altered without Zhigalov's authority, in violation of 17 U.S. Code § 1202(b)(3).

65. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

66. Statutory penalties for violation of 17 U.S.C. § 1202(b) as set forth in 17 U.S.C. § 1203 indicate Zhigalov is entitled to an award not less than $2,500 or more than $25,000, per violation.

67. Zhigalov has been damaged.

68. The harm caused to Zhigalov has been irreparable.

COUNT IV
### ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

69. Zhigalov incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth herein.

70. The Work at issue in this case contains false copyright management information ("CMI").

71. Defendants knowingly and with the intent to enable or facilitate copyright infringement, distributed the Work with false CMI, a logo with a plane outline overtop an Italian Flag, laid over a blue and white circle, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) and as shown below at the top right corner and in the center at the bottom of the infringing use.

72. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

73. Defendants knowingly published and distributed the Work with false CMI in violation of 17 U.S.C. § 1202(a).

74. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

75. Statutory damages for violation of 17 U.S.C. § 1202(a) as set forth in 17 U.S.C. § 1203 indicate Zhigalov is entitled to an award not less than $2,500 or more than $25,000, per violation.

76. Zhigalov has been damaged.

77.     The harm caused to Zhigalov has been irreparable.

**WHEREFORE**, Plaintiff, Dmitry Zhigalov, prays for judgment against the Defendants PC Aviator.com, Inc. and Robert Ferraro that:

a.     Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.     Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504;

c.     Defendants be required to pay statutory damages for violation 17 U.S.C. § 1202 of no less $2,500 or more than $25,000 per violation, as provided in 17 U.S.C. § 1203;

d.     Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e.     Plaintiff be awarded pre- and post-judgment interest; and

f.     Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: 09/24/2024 | /s/ Jason Scott Luck<br>Jason Scott Luck (#9696)<br>P.O. Box 47<br>Bennettsville, SC 29512<br>843.479.6863 (o)<br>843.479.7222 (f)<br>jason@luck.law |
| | and |
| | Joseph A. Dunne<br>*(pro hac vice application to be filed)*<br>SRIPLAW, P.A.<br>175 Pearl St.<br>3rd Floor<br>Brooklyn, NY 11201<br>(561) 404-4350<br>joseph.dunne@sriplaw.com |
| | **Attorneys for Plaintiff** |