IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dmitry Zhigalov, | ) | Case No.: 4:24-cv-5289-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| PC Aviator, Inc. and Robert Ferraro, individually, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 28), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant Robert Ferraro's ("Ferraro") Motion to Dismiss (DE 17).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. The Court briefly summarizes the pertinent facts for context.

Plaintiff Dmitry Zhigalov's ("Plaintiff" or "Zhigalov"), proceeding *pro se*, sued Defendants PC Aviator, Inc. and Ferraro (collectively, "Defendants"), alleging

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violations of the Copyright Act, 17 U.S.C. § 106. Plaintiff claims that Defendants copied his copyrighted photograph entitled "Aircraft Landing at Sundown," for use in promoting and selling their products without authorization. (DE 1, ¶¶ 6, 15–16.)

Plaintiff registered the Work with the U.S. Copyright Office on December 6, 2014. He alleges that in 2021, he discovered the unauthorized use of his Work on Defendants' websites and product interfaces. Plaintiff subsequently notified Defendants, asserting that the Work had been used for commercial gain, including as artwork in downloadable packages and physical media sold on the website. (*Id.* ¶¶ 22–27.) He further alleges the removal of copyright notices and the addition of false copyright management information. (*Id.* ¶¶ 29–30.)

Defendant Ferraro moved to dismiss the vicarious liability claims asserted against him. (DE 17.) Plaintiff responded in opposition on December 26, 2024. (DE 23.)

### B. Report and Recommendation

On February 5, 2025, the Magistrate Judge issued the Report recommending that the Court deny Ferraro's Motion to Dismiss. (DE 28.) The Report concluded, among other things, that "Plaintiff adequately alleges a claim for vicarious liability, because he alleges that Defendant Ferraro was able to make decisions regarding the activities of the company and had the power to limit or control the allegedly infringing conduct." (DE 28 at 9.) No objections to the Report have been filed.

**C. Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**D. Conclusion**

Having reviewed the Report and the record and finding no clear error, the Court adopts the Magistrate Judge's Report (DE 28) and incorporates it herein by reference.

Accordingly, it is **ORDERED** that Defendant Robert Ferraro's Motion to Dismiss (DE 17) is DENIED.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 20, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.